UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
|---|---|---|---|
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daniel Torrez | Not reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND ON GROUNDS OF UNTIMELY REMOVAL AND LACK OF DIVERSITY (DKT. 12)**
**JS6: CASE TERMINATED**

**I.    Introduction**

On February 3, 2023, Solutions 30 Eastern Europe, S.R.L. ("Solutions 30"), Swordfish Advisory Services, S.R.L. ("Swordfish"), and Federico Salmoiraghi ("Salmoiraghi") (collectively, "Plaintiffs"), filed this action against Tosolini, Lamura, Rasile & Toniutti, LLP ("TLRT"), Emilano Malizia ("Malizia"), Emanuele Tosolini ("Tosolini"), Rocco Lamura ("Lamura"), Nicola Rasile ("Rasile"), Gianni Toniutti ("Toniutti") and Does 1–10 (collectively, "Defendants") in the Los Angeles Superior Court. Dkt. 1-1 (the "Complaint"). The Complaint advances four causes of action: (1) legal malpractice; (2) breach of fiduciary duty; (3) breach of contract; and (4) misrepresentation and concealment. *Id.* ¶¶ 109–139. On June 21, 2024, Plaintiffs filed a First Amended Complaint (the "FAC"), which is the operative one, in which Tosolini & Lamura, LLP ("T&L") was added as a Defendant. Dkt. 1-5 at 2.

On July 22, 2024, Defendant T&L removed the action, and filed a corresponding notice of removal. Dkt. 1 (the "Notice of Removal"). On August 22, 2024, Plaintiff filed a motion to remand, which was stricken due to filing deficiencies (the "Stricken Motion"). Dkt. 8. On September 6, 2024, Defendant T&L filed an opposition to the Stricken Motion (the "Opposition"). Dkt. 9. On October 16, 2024, a corrected Motion to Remand was filed (the "Motion"). Dkt. 12.

On December 23, 2024, the Motion was taken under submission. Dkt. 29. Thereafter, Plaintiffs filed a reply in support of the Motion (the "Reply"). Dkt. 32. Because the Reply was untimely[1] and the Motion had already been taken under submission, the late-filed Reply is **STRICKEN**.

On December 24, 2024, Plaintiffs filed evidentiary objections to a declaration filed concurrently with the Opposition ("Plaintiffs' Evidentiary Objections"). Dkt. 33. On the same day, Plaintiffs filed a Request for

---

[1] Under the Civil Standing Order, which applies to this proceeding, for "any motion that is filed and set for hearing more than 70 days from the date of filing of the motion," "any reply must be filed no later than 35 days after the filing of the motion." Dkt. 6 at 9. Because the corrected Motion was filed on October 16, 2024, any reply was due on or before November 20, 2024.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

Judicial Notice in Support of Objection to Evidence (the "RJN"). Dkt. 34. Under the Civil Standing Order, evidentiary objections are to be filed "at the same time as, but separately from, the opposition or reply papers." Dkt. 6 at 15. Plaintiffs' Evidentiary Objections were filed one day later than the Reply. *See* Dkts. 32 & 33. As noted, the Reply was untimely. So were Plaintiffs' Evidentiary Objections, which were also filed after the Motion had already been taken under submission. Accordingly, Plaintiffs' Evidentiary Objections are also **STRICKEN**. Further, because the RJN was filed in support of Plaintiffs' Evidentiary Objections, the RJN is **MOOT**.

For the reasons stated in this Order, the Motion is **GRANTED**.

**II.     Background**

     A.     Parties

It is alleged that Plaintiffs Solutions 30 and Swordfish are each a Romanian limited liability company, whose primary shareholder is a citizen of Italy. Dkt. 1-5 ¶¶ 1–2. It is alleged that Plaintiff Salmoiraghi is an individual who is a citizen of Italy. *Id.* ¶ 3.

It is alleged that Defendant TLRT is a defunct law firm that was a citizen of Italy, New York and California. Those are the places where it allegedly operated its law offices and where its general partners and members are believed to have been citizens and residents. *Id.* ¶ 10.

It is alleged that Defendant T&L is a defunct law firm whose principal offices were located in New York and Florida. *Id.* ¶ 11. It is alleged that T&L was a citizen of Italy, New York and California, where it allegedly operated its law offices and where its general partners and members are believed to have been citizens and residents. *Id.*

It is alleged that Defendants TLRT and T&L were at all relevant times residents of California, doing business in Los Angeles County. *Id.* ¶ 12. It is also alleged that TLRT and T&L were never registered with the State Bar of California or Secretary of State during the relevant times that TLRT and T&L represented Plaintiffs in California. *Id.* ¶ 9.

It is alleged that Defendant Malizia is an attorney licensed with the State Bar of California and is a citizen and resident of California, who performed legal services at TLRT and T&L. *Id.* ¶ 13.

It is alleged that Defendant Tosolini is a citizen of Italy and the United States, residing in Florida and New York. *Id.* ¶ 14. It is alleged that Tosolini was a partner and/or member of TLRT and T&L. *Id.*

It is alleged that Defendant Lamura is a citizen of Italy and New York. *Id.* ¶ 15. It is alleged that Lamura was a partner and/or member of TLRT and T&L. *Id.*

It is alleged that Defendant Rasile is a citizen of Italy and New York. *Id.* ¶ 16. It is alleged that Rasile was a partner and/or member of TLRT and T&L. *Id.*

It is alleged that Defendant Toniutti is a citizen of Italy and the United States, residing in Florida and New York. *Id.* ¶ 17. It is alleged that Toniutti was a partner and/or member of TLRT and T&L. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
|---|---|---|---|
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

  B.  Relevant Factual Background

It is alleged that, on or about January/February of 2021, Plaintiffs consulted with Tosolini on behalf of TLRT and T&L about having Defendants represent them in a separate defamation action against a non-party to this action. *Id.* ¶¶ 38, 40. It is alleged that Plaintiff Salmoiraghi attended this consultation on behalf of himself, and on behalf of Plaintiffs Swordfish and Solutions 30, as the majority shareholder of each. *Id.* ¶ 39. It is alleged that, during the consultation, Plaintiffs retained the TLRT/T&L firm for the purpose of filing the defamation action in California. *Id.* ¶¶ 40, 41. It is alleged that Tosolini advised Plaintiffs that Tosolini would remain a partner on the matter in conjunction with TLRT/T&L California partners. *Id.* ¶ 40. It is alleged that Malizia was introduced as the partner who would be directly handling Plaintiffs' case. *Id.* It is alleged that Tosolini provided to Plaintiffs, and Lamura signed, the TLRT/T&L firm retainer for the litigation. *Id.* ¶ 41. It is alleged that the retainer agreement was signed by Plaintiffs in February 2021, and TLRT/T&L thereafter commenced work on Plaintiffs' litigation, with Tosolini and Malizia maintaining primary communications with Plaintiffs. *Id.* ¶ 43.

It is alleged that, through their representation of Plaintiffs in the defamation action, Defendants' conduct resulted in the dismissal of Plaintiffs' case for failure to prosecute/amend the complaint on February 3, 2022. *Id.* ¶ 67. It is alleged that Malizia and TLRT/T&L misrepresented to Plaintiffs that the case was still active for a time, despite the court order dismissing the case. *Id.* ¶¶ 69, 70.

It is also alleged that Plaintiffs demanded that TLRT/T&L file an appeal of the dismissal, which TLRT/T&L filed on March 1, 2022. *Id.* ¶ 88–89. It is alleged that TLRT/T&L was counsel of record for Plaintiffs on the appeal, and never withdrew or substituted. *Id.* ¶ 92. Among other things, it is alleged that Defendants failed to file all the requisite documents and opening brief on appeal, which resulted in the dismissal of the appeal on July 22, 2022, for failure to prosecute. *Id.* ¶ 106.

  C.  Remedies Sought

Plaintiffs seek actual, compensatory, general, special, statutory and punitive damages, pre- and post-judgment interest on all damages awarded, attorney's fees and costs of expert investigation. *Id.* at 52.

**III.**  **Analysis**

  A.  Legal Standards

    1.  <u>Motion to Remand</u>

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing 28 U.S.C. § 1447(c)). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

*Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). A person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity. For example, an unincorporated association such as a partnership has the citizenships of all of its members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). By contrast, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a); *see Hunter*, 582 F.3d at 1042 (citing *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted); *see also Hunter*, 582 F.3d at 1042 (there is a "strong presumption against removal jurisdiction" and courts should "resolve[] all ambiguity in favor of remand to state court") (citation omitted). The removing party has the burden of establishing that it is proper to do so. *Hunter*, 582 F.3d at 1042. "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

  B.  Application

Plaintiffs argue that the case should be remanded for three reasons. *First*, the Notice of Removal, filed 17 months after the Complaint was filed, and more than 13 months after the initial Defendants were served with the summons and Complaint, is untimely pursuant to 28 U.S.C. §§ 1446(b)(1), 1446(c). Dkt. 12 at 18–20. *Second*, there is not complete diversity between Plaintiffs and Defendants, as required by 28 U.S.C. § 1332. *Id.* at 20–24. *Third*, because several of the Defendants are domiciled in California, removal is improper under the forum defendant rule pursuant to 28 U.S.C. § 1441(b)(2). *Id.* at 24–26.

Defendant responds that removal was proper and remand should be denied for four reasons. *First*, the Motion was filed more than 30 days after the filing and service of the Notice of Removal and is untimely. Dkt. 9 at 2. *Second*, the Notice of Removal was timely, although filed more than one year after the commencement of the action, because T&L was first named as a defendant in the FAC and the filing of the FAC was intentionally delayed to deprive T&L the ability to remove within a year under 28 U.S.C. § 1446(c)(1). *Id.* at 2–6. *Third*, the forum defendant rule does not apply because Defendants were not properly served as parties to this action. *Id.* at 6. *Fourth*, removal was timely under the 30-day period pursuant to 28 U.S.C. § 1446(b)(2)(B), because Defendant T&L was first served with the initial pleading or summons via the FAC. *Id.* at 6–7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

   1.  <u>Timeliness of Removal and Remand</u>

As noted, Plaintiffs argue that Defendants' Notice of Removal was filed beyond both the 30-day period required by Section 1446(b)(1), and the one-year period required by Section 1446(c). Defendants argue that Plaintiffs' Motion for Remand was filed after the 30-day period required by Section 1447(c).

Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446(c)(1) provides an exception to Section 1446(b)(3), and states that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

The Ninth Circuit has held that both the 30-day and one-year time limits for removal petitions under Sections 1446(b) & 1446(c)(1) are "procedural, non jurisdictional requirement[s]." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (as to the one-year limitation); *accord. Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) (as to the 30-day limitation). Thus, "[a]lthough the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." *Smith*, 761 F.3d at 1045 (quoting *Fristoe*, 615 F.2d at 1212). Accordingly, "[i]f a plaintiff objects to removal for a defendant's failure to meet the removal deadline, he must do so in a timely motion to remand. *See* 28 U.S.C. § 1447(c) ('A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .')." *Friedenberg v. Lane County*, 68 F.4th 1113, 1121 (9th Cir. 2023).

Under these standards, the first step in the analysis is to determine whether the Motion, which raised the objection to untimeliness of removal, was itself timely. As noted, if such a motion is untimely, "a district court lacks authority to remand based on the [Defendants'] violation of [the time limitations for removal in Section 1446(b) & (c)(1)]." *Smith*, 761 F.3d at 1045. The Notice of Removal was filed on July 22, 2024. Dkt. 1.[2] The Stricken Motion, which was procedurally deficient (*see* Dkts. 10, 11), was filed on August 22, 2024. Dkt. 8. The operative Motion, which corrected those deficiencies, was filed on October 16, 2024. Dkt. 12. Whether the filing date of the Stricken Motion or the operative Motion is determinative of when a motion to remand was filed in this action, does not affect the outcome. Neither the Stricken Motion, nor the operative one, was timely. The Stricken Motion was filed 31 days after the

---

[2] Plaintiffs argue that the Notice of Removal was filed on July 24, 2024. Dkt. 12 at 9. However, July 24, 2024, is the date the Notice of Removal was filed in the Superior Court, not the date it was filed on the docket in this federal proceeding. Under 28 U.S.C. § 1447(c), the time to file a motion to remand is "30 days after the filing of the notice of removal under section 1446(a)." Section 1446(a) refers to the notice of removal that is filed in a federal district court: "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . ." Accordingly, the date to file a motion to remand is based on the date a notice of removal is filed in the federal court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
|---|---|---|---|
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

Notice of Removal. *See* Dkt. 8. The operative Motion was filed 86 days after the Notice of Removal. *See* Dkt. 12.

Accordingly, because the Motion was untimely filed, Plaintiffs have waived any objection regarding timeliness -- or any other procedural issues[3] -- regarding the Notice of Removal, "by sitting on [their] rights." *Friedenberg*, 68 F.4th at 1121 (quoting *Smith*, 761 F.3d at 1045).

### 2. Whether Defendants Have Shown Complete Diversity

The issue of complete diversity is jurisdictional, and can be raised or addressed *sua sponte* at any time before final judgment. *See* 28 U.S.C. § 1447(c). Accordingly, the issue central to the Motion is whether Defendant has carried its burden of showing complete diversity between Plaintiffs and Defendants. As noted, federal courts have diversity jurisdiction over a matter only if the parties are completely diverse. *Hunter*, 582 F.3d at 1043 (citing 28 U.S.C. § 1332(a)).

Plaintiffs argue that there is not complete diversity because one Plaintiff, Salmoiraghi, and one Defendant, Rasile, are both citizens of Italy. Dkt. 12 at 24. As noted, it is alleged that Salmoiraghi is a citizen of Italy. Dkt. 1-5 ¶ 3. Defendant T&L does not dispute Salmoiraghi's Italian citizenship. *See* Dkt. 1 ¶ 16(a). It is also alleged that Rasile is a citizen of Italy. Dkt. 1-5 ¶ 17. Defendant T&L concedes that Rasile is "an Italian citizen who resides in Rome." Dkt. 9 at 3. It is also undisputed that Plaintiffs Solutions 30 and Swordfish are citizens of Romania and Italy. Dkt. 1-5 ¶¶ 1–2; Dkt. 1 ¶ 16(a).

Defendant T&L argues that removal is nevertheless proper because "diversity of citizenship exists between Plaintiffs and T&L." Dkt. 1 at 7; *see also* Dkt. 9 at 4 ("diversity of citizenship between plaintiff a citizen of Italy and Romania and T&L a citizen of New York exists"). This is not the correct legal standard. Diversity is not required only as between Plaintiffs and the removing Defendant; rather, diversity must be complete. As noted, complete diversity exists "where the citizenship of each plaintiff is different from that of each defendant." *Hunter*, 582 F.3d at 1043 (citing 28 U.S.C. § 1332(a)).

Because it is undisputed that all Plaintiffs are citizens of Italy and at least one Defendant, Rasile, is a citizen of Italy, there is not complete diversity. Accordingly, there is no subject matter jurisdiction, and the action must be remanded.

### IV. Conclusion

For the reasons stated in this Order, the Motion is **GRANTED**. This matter is **REMANDED** to the Los Angeles Superior Court at the Stanley Mosk Courthouse, Case No. 23STCV03076. All other pending motions are **VACATED** because there is no jurisdiction to address them; provided, however, this is neither a substantive determination as to these motions, nor one that would preclude their being re-filed in the Los Angeles Superior Court following the remand of this action.

---

[3] As noted, Plaintiffs also argue that the removal violated the forum defendant rule. 28 U.S.C. § 1441(b)(2). Thus, they contend that it is alleged that at least one Defendant is a citizen of California. Dkt. 12 at 24–26. The Ninth Circuit has held that the forum defendant rule is "a procedural requirement," which "constitutes "a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). Accordingly, Plaintiffs arguments as to the forum defendant rule have also been waived.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV24-06148 JAK (MARx) | Date | January 2, 2025 |
| Title | Solutions 30 Eastern Europe S.R.L. v. Tosolini Lamura Rasile and Toniutti et al. | | |

**IT IS SO ORDERED.**

                                                                                     _____ : _____

Initials of Preparer    DT